1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MONRELL DONOVAN MURPHY,

          Petitioner,

          vs.

G. D. LEWIS, Warden,

          Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No. CV 13-8901-BRO (DTB)

ORDER TO SHOW CAUSE

On December 3, 2013, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein along with supporting attachments ("Pet. Att."). The Petition purports to be directed to a judgment of conviction sustained by petitioner in Los Angeles County Superior Court on December 28, 1998, following petitioner's no contest plea to the allegations of robbery and burglary. Petitioner was sentenced on the same day as his plea to a prison term 13 years. (See Pet. at ¶ 2(f).) Petitioner did not appeal his conviction. (See Pet. at ¶ 3.) The Petition raises a single claim of actual innocence. (See Pet. at ¶ 7(a).)

/ / /
/ / /
/ / /
/ / /

1

The Court's review of the Petition reveals that it appears to be untimely. Accordingly, on or before **January 17, 2014**, petitioner is ORDERED to show cause in writing (if any he has) why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.[1]

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[2] 28 U.S.C. § 2244(d) provides:

"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution

---

[1] The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

[2] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Under California law in effect at the time of petitioner's conviction, an appeal had to be filed within 60 days after the rendition of the judgment. See Cal. Rules of Court, Rule 8.308(a) [formerly Rule 30.1(a)]. Where the judgment of conviction was entered upon a guilty or nolo contendere plea, the defendant was required to file a notice of intended appeal within the 60-day period, accompanied by a statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings"; the appeal did not become operative unless and until the trial court executed and filed a certificate of probable cause for appeal. See Cal. Rules of Court, Rule 8.304(b) [formerly Rule 30(b)]; see also Cal. Penal Code § 1237.5. Here, petitioner has indicated that he did not appeal from his judgment of conviction. (See Pet. at ¶ 3.) Consequently, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" here was February 26, 1999, when petitioner's time to file a notice of intended appeal expired. Petitioner had one year from that date within which to file his federal habeas petition.

From the face of the Petition, it does not appear that petitioner has a basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(B). Petitioner is not contending that he was impeded from filing his federal petition by

3

1  unconstitutional state action.   Nor does it appear that petitioner has a basis for
2  contending that he is entitled to a later trigger date under § 2244(b)(1)(C).  Moreover,
3  it is clear that petitioner has no basis for contending that he is entitled to a later
4  trigger date under § 2244(b)(1)(D).  Petitioner was aware of the **factual** predicate of
5  his claims as of the date he pleaded guilty.  See Hasan v. Galaza, 254 F.3d 1150, 1154
6  n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or
7  through  diligence  could  discover)  the  important  facts,  not  when  the  prisoner
8  recognizes their legal significance").

9       Thus, unless a basis for tolling the statute existed, petitioner's last day to file
10  his federal habeas petition was February 26, 2000.  See Patterson v. Stewart, 251 F.3d
11  1243,1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.  The instant Petition was
12  filed over 13 years later.

13       28 U.S.C. § 2244(d)(2) provides:
14       The  time  during  which  a  properly  filed  application  for  State  post-
15       conviction  or  other  collateral  review  with  respect  to  the  pertinent
16       judgment  or  claim  is  pending  shall  not  be  counted  toward  any  period  of
17       limitation under this subsection.

18
19       In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed
20  the  foregoing  statutory  tolling  provision  with  reference  to  California's  post-
21  conviction procedures.  The Ninth Circuit held that "the AEDPA statute of limitations
22  is tolled for 'all of the time during which a state prisoner is attempting, through
23  proper use of state court procedures, to exhaust state court remedies with regard to
24  a particular post-conviction application.'"  Id. at 1006 (citation omitted).

25       Here, petitioner has identified three collateral challenges in the Petition: (1) His
26  Los  Angeles  County  Superior  Court  habeas  petition  in  Case  No.
27  TA051304/TA051303, filed on May 12, 2013, and which was denied on August 15,
28  2013 (see Pet. at ¶ 6(a); Pet. Att. B at 1-10); (2) his California Court of Appeal habeas

4

1  petition in Case No. B251662, filed on or about October 3, 2013, and which was

2  denied on October 17, 2013 (see Pet. at ¶ 6(b); California Appellate Court's website;[3]

3  Pet. Att. B at 11); and (3) his California Supreme Court habeas petition in Case No.

4  S214472 filed on or about October 30, 2013.[4]

5       According to the California Appellate Courts website, the habeas petition in

6  Case No. B251662 was filed in the California Court of Appeal on October 3, 2013

7  and denied on October 17, 2013.  However, the Court can find no record of any

8  habeas petition filed by petitioner in the California Supreme Court.  Even assuming

9  these state habeas petitions were filed, petitioner would not be entitled to any

10 statutory tolling for these state collateral challenges, since they were filed after

11 petitioner's federal filing deadline of February 26, 2000 already had lapsed.  Once the

12 AEDPA limitations period lapsed, it could not be reinitiated.  See Ferguson v.

13 Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit

14 the reinitiation of the limitations period that has ended before the state petition was

15 filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482

16 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001); Green

17 v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).  Thus, it appears there is no basis for

18 statutory tolling of the limitations period with respect to the Petition.

19      In Holland v. Florida,  _U.S._, 130 S. Ct. 2549 (2010), the Supreme Court held

20 that the timely filing of a habeas petition was not jurisdictional, but rather was subject

21 to equitable tolling.  If petitioner intends to rely on the equitable tolling doctrine for

22 purposes of arguing that his federal habeas petition is timely, he will need to include

23

24

25      [3]     http://appellatecases.courtinfo.ca.gov/

26      [4]     The Court notes that petitioner failed to apprise the Court of the
27 California Supreme Court's decision and the date thereof.  The Court further notes
   that a review of the California Appellate Court's website reveals California Supreme
28 Court Case No. S214472 is not found.

5

with his Response to this Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances" beyond petitioner's control stood in his way and/or made it impossible for him to file the Petition on time. See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

If petitioner intends to rely on the equitable tolling doctrine, he will need to include in his with his Response a declaration under penalty of perjury stating facts showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance beyond petitioner's control stood in his way. See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Rasberry, 448 F.3d at 1153; Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (petitioner must show that "extraordinary circumstances" were the proximate cause of his untimeliness).

Finally, petitioner raises a claim of actual innocence. The Supreme Court has recently held that a federal habeas petitioner nay be able to seek habeas relief on an otherwise time-barred claim if he successfully proves that he is actually innocent of the crime upon which he was convicted. (McQuiggin v. Perkins, – U.S. –, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013).

The Supreme Court has noted, however, that instances of "tenable actual innocence gateway pleas are rare" (McQuiggin, 133 S. Ct. at 1928) and the burden of proving such a claim is substantial. "[A] petitioner does not meet the threshold requirement unless he persuades the District Court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." (Id., citing Schlup v. Delo, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed 2d 808 (1995).

/ / /

The Supreme Court has held that for the "fundamental miscarriage of justice" exception to apply, the petitioner must show that a constitutional violation probably has caused the conviction of one who is actually innocent of the crime. Schlup, 513 U.S. at 324; see also Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); Jaramillo v. Stewart, 340 F.3d 877, 882 (9th Cir. 2003). The Supreme Court held in Schlup that, "[t]o be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial." Schlup, 513 U.S. at 324. Further, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327. In assessing petitioner's actual innocence claim, the Court must "'assess how reasonable jurors would react to the overall, newly supplemented record,' including the evidence [petitioner] now proffers." (Lee, 653 F.3d at 945, quoting House v. Bell, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006).)

Here, the precise nature of petitioner's actual innocence claim is unclear to the Court; petitioner asserts that he "is, and has always maintained that he is actually innocent of the . . . charged offenses." (Pet. Att. at 1.) However, apart from his declaration, which is attached to the Petition, petitioner has not presented any "new" evidence of the type or quantity such that it would call his conviction into question. Petitioner's self-serving statement regarding his actual innocence is not the species of evidence required by Schlup, as it is inherently unreliable. (See, e.g., Herrera v. Collins, 506 U.S. 390, 423, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993) (O'Connor, J., concurring) (post-trial affidavits "are to be treated with a fair degree of skepticism.") Moreover, the fact that petitioner consented to a plea of guilty militates against his claim of actual innocence. (See, e.g., Smith v. Baldwin, 510 F.3d 1127, 1140 (9th

1   Cir. 2007) ("We are aware of a potential incongruity between the purpose of the
2   actual innocence gateway announced in <u>Schlup</u> and its application to cases involving
3   guilty (or no contest) pleas.")

4       Absent any additional evidence of the nature and quality required by <u>Schlup</u>,
5   petitioner has failed to make a credible showing of actual innocence, or otherwise
6   demonstrated that it is more likely that not that no reasonable juror would have
7   convicted him.   <u>Schlup</u>, 513 U.S. at 324.   Accordingly, petitioner must present
8   sufficient additional reliable evidence of his actual innocence for this Court to find
9   that he has met the stringent standard set forth in <u>McQuiggin</u> and <u>Schlup</u> for purposes
10  of allowing the Court to consider his otherwise time-barred claim.

11

12  DATED: December 27, 2013

13

14

15                                              _____
16                                              DAVID T. BRISTOW
                                                UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

                                            8